



CERTIFIED MAIL
RETURN RECEIPT REQUESTED
PLEASE FORWARD
SHOW DATE & WHERE DELIVERED

DEBRA KIZER, CIRCUIT CLERK
CIRCUIT COURT DIVISION
100 NORTH SIDE SQUARE
HUNTSVILLE, ALABAMA 35801-4820

7019 0700 0001 0001 0220



AlaFile E-Notice

47-CV-2021-900206.00

To: GENERAL REVENUE CORPORATION
REG. AGENT CT CORP SYSTEM
2 NORTH JACKSON STREET
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

ASHLEY BOSTIC V. GENERAL REVENUE CORPORATION
47-CV-2021-900206.00

The following complaint was FILED on 2/10/2021 3:15:40 PM

Notice Date:   2/10/2021 3:15:40 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2021-900206.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**ASHLEY BOSTIC V. GENERAL REVENUE CORPORATION**

**NOTICE TO:** GENERAL REVENUE CORPORATION, REG. AGENT CT CORP SYSTEM 2 NORTH JACKSON STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), CURTIS RAY HUSSEY

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 82 Plantation Pointe #288, FAIRHOPE, AL 36533

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ASHLEY BOSTIC
pursuant to the Alabama Rules of the Civil Procedure.   *[Name(s)]*

| 02/10/2021 | /s/ DEBRA KIZER | By: mm |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ CURTIS RAY HUSSEY
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
in _____ County,

*(Name of Person Served)*   *(Name of County)*

Alabama on _____ .
*(Date)*

_____   _____   *(Address of Server)*
*(Type of Process Server)*   *(Server's Signature)*

_____   _____
*(Server's Printed Name)*   *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>47<br>Date of Filing:<br>02/10/2021 | ELECTRONICALLY FILED<br>2/10/2021 3:15 PM<br>47-CV-2021-900206.00<br>CIRCUIT COURT OF<br>MADISON COUNTY, ALABAMA<br>DEBRA KIZER, CLERK<br>Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**ASHLEY BOSTIC v. GENERAL REVENUE CORPORATION**

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** HUS004   2/10/2021 3:15:37 PM   /s/ CURTIS RAY HUSSEY
Date   Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

DOCUMENT 2



ELECTRONICALLY FILED
2/10/2021 3:15 PM
47-CV-2021-900206.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, STATE OF ALABAMA

| | |
|---|---|
| ASHLEY BOSTIC, individually, and on behalf of all other similarly situated consumers,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GENERAL REVENUE CORPORATION,<br><br>　　　　Defendant. | Case No.:<br><br>COMPLAINT |

Plaintiff, Ashley Bostic ("Plaintiff"), alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to Ala. R. Civ. P. 82

3. Venue is proper in this district under Ala. R. Civ. P. 82

### PARTIES

4. Plaintiff is a resident of Huntsville, Alabama and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant General Revenue Corporation ("Defendant") is a corporation doing business in the State of Alabama, with its corporate headquarters located at 4660 Duke Drive, Suite 300, Mason, Ohio 45040, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C.

§1692(a) of the FDCPA. Defendant may be served on its registered agent, CT Corporation System, 2 North Jackson Street Suite 605, Montgomery, AL 36104.

## FACTUAL STATEMENT

6. On a date better known by Defendant, Plaintiff incurred a personal student loan obligation from Mount Mercy University.

7. On September 4, 2020, Defendant sent a collection letter to Plaintiff attempting to collect said debt.

8. The letter sought a total of $3,062.50. This is broken down as follows: $2,450.00 in principal and $612.50 in collection fees. Defendant's attempts to collect said debt violate the FDCPA for several reasons as explained below.

9. The letter also states: As of the date of this letter, the balance shown is owed. Because interest may be required to be paid on the outstanding portion of the balance, as well as late charges and other charges that may vary from day to day, the amount required to pay the balance in full on the day payment is sent may be greater than the amount stated here.

10. First, Plaintiff's underlying contract with Mount Mercy does not provide for the collection of late charges or other charges that vary from day to day. Accordingly, Defendant's statement that said fees would accrue is false and deceptive in violation of Sections 1692e and 1692f.

11. The language is material because advising that the debt will increase in the event of nonpayment will directly affect the consumer's choice to make a payment.

12. Second, another component of Defendant's illegal conduct is the collection fees. Defendant calculates these fees by taking a direct percentage of the balance and multiplying it by 25%. This percentage however is not the actual costs of collection, but rather an estimate as to what Defendant is entitled to in the event of complete collection of the debt (as opposed to partial payment or

2

nonpayment). In other words, Defendant provides estimates to the consumer of what it could bill the college in the event it collected the full amount. However, were Defendant to collect less than the full amount, its collection fee would be less as well. However, the consumer is not made aware of this, and is instead duped into thinking the collection cost, which is only an estimate, is a set amount. Defendant's failure to inform Plaintiff that its collection fees were only estimates of what may be owed resulted in an interpretation to the consumer that was in fact false, deceptive, and misleading.

## CLASS ACTION ALLEGATIONS

### The Class

13. Plaintiff brings this as a class action pursuant to Ala. R. Civ. P. 23 on behalf of herself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

14. With respect to the Plaintiff's Class, this claim is brought on behalf of the following class:

The Class: (a) all consumers within the United States; (b) for whom Defendant was seeking to collect on behalf of Mount Mercy University; (c) for which Defendant sent the same form collection letter as Exhibit A (containing the same language and seeking a percentage collection fee) (d) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

15. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

3

### Numerosity

16. Upon information and belief, Defendant has made similar collection attempts to over forty (40) consumers throughout the United States, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

17. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

18. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

19. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

20. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are

typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

21. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

22. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

23. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

24. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

25. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

26. Certification of a class under Rule 23(b)(2) of the Alabama Rules of Civil Procedure is also appropriate in that a determination that the said letters violate the FDCPA is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

27. Certification of a class under Rule 23(b)(3) of the Alabama Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more Class only as to particular issues pursuant to Ala. R. Civ. P. 23(c)(4).

29. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

30. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendants to further enjoy the benefit of their ill-gotten gains.

31. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq*

32. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

33. Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692f(1), 1692e(2), 1692e(10).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Ashley Bostic, respectfully prays that this Court do the following for the benefit of Plaintiff:

a. Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;

b. Enter an Order for injunctive relief prohibiting such conduct in the future;

c. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

d. Enter a judgment against Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k;

e. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

f. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

34.   Plaintiff demands a jury trial on all issues so triable.

Dated this 10th day of February, 2021.

                                                                           Respectfully Submitted,

                                                                           */s/ Curtis R. Hussey*
                                                                           Curtis R. Hussey  (HUS 004)
                                                                           Gulf Coast ADR, LLC
                                                                           82 Plantation Pointe Road #288
                                                                           Fairhope, AL 36532
                                                                           Tel: (251) 928-1423
                                                                           gulfcoastadr@gmail.com
                                                                           Attorneys for Plaintiff