FILED
2021 Apr-13  PM 02:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **ASHLEY BOSTIC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **GENERAL REVENUE** | ) | **Case No.:  5:21-cv-393-AKK** |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

---

### ANSWER TO COMPLAINT

---

For its Answer to the Complaint filed by Plaintiff Ashley Bostic ("Plaintiff"), Defendant General Revenue Corporation ("Defendant" or "GRC"), by and through its undersigned counsel, states as follows:

### ANSWER

The numbered paragraphs below correspond to the paragraph numbers contained in the Plaintiff's Complaint. The headings used match those chosen by Plaintiff—they are included for ease of reference only and do not constitute any admission. GRC generally denies all allegations contained in the Complaint not expressly and specifically admitted, including all allegations contained in the headings and prayer for relief.

## PRELIMINARY STATEMENT

1.      GRC admits that Plaintiff's Complaint purports to allege a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA"). GRC denies that any violation has occurred or that there has been any damage, and denies the remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2.      GRC states that the allegations in Paragraph 2 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC denies the allegations in Paragraph 2.

3.      GRC states that the allegations in Paragraph 3 call for a legal conclusion to which no answer is required. To the extent an answer is required, GRC denies the allegations in Paragraph 3.

## PARTIES

4.      GRC admits that Plaintiff purports to cite to 15 U.S.C. § 1692(a), refers to that statute for its exclusive terms, and denies any allegation in Paragraph 4 that is inconsistent with its complete terms. Answering further, GRC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 4.

5.      GRC admits that it is registered to do business in the State of Alabama, that it maintains its corporate headquarters at 4660 Duke Drive, Suite 300, Mason,

Ohio 45040, and CT Corporation is its registered agent. Answering further, GRC admits that Plaintiff purports to cite to 15 U.S.C. § 1692(a), refers to that statute for its exclusive terms, and denies any allegation in Paragraph 5 that is inconsistent with its complete terms.

## FACTUAL STATEMENT

6.      GRC admits Plaintiff incurred a personal student loan from Mount Mercy University that she failed to repay.  GRC denies the remaining allegations in Paragraph 6.

7.      GRC admits that it sent a letter to Plaintiff on or about September 4, 2020 (the "September 4 Letter"). GRC refers to the September 4 Letter for its exclusive terms, and denies any allegation in Paragraph 7 that is inconsistent with the complete terms of the letter.

8.      GRC refers to the September 4 Letter for its exclusive terms, and denies any allegation in Paragraph 8 that is inconsistent with the complete terms of the letter. GRC denies that the September 4 Letter violated the FDCPA, and denies the remaining allegations in Paragraph 8.

9.      GRC refers to the September 4 Letter for its exclusive terms, and denies any allegation in Paragraph 9 that is inconsistent with the complete terms of the letter.

10.      GRC admits that Paragraph 10 purports to cite to Plaintiff's underlying

loan(s), contract(s), and/or other agreement(s) with Mount Mercy University. GRC refers to the terms of those documents for their exclusive terms, and denies any allegation in Paragraph 10 that is inconsistent with the complete terms of those loan(s), contract(s), and/or other agreement(s). Answering further, GRC admits that Plaintiff also purports to reference a "statement" from the September 4 Letter. GRC refers to the September 4 Letter for its exclusive terms, and denies any allegation in Paragraph 10 that is inconsistent with the complete terms of the letter. Answering further, GRC denies that any FDCPA violation or any other wrongdoing has occurred, and denies the remaining allegations in Paragraph 10.

11.    GRC denies the allegations in Paragraph 11.

12.    GRC admits that Plaintiff purports to cite, reference, or paraphrase its contract with Mount Mercy University and the September 4 Letter in Paragraph 12. GRC refers to that contract and the September 4 Letter for their exclusive terms, and denies any allegation in Paragraph 12 that is inconsistent with the complete terms of those documents. Answering further, GRC denies that any FDCPA violation or any other wrongdoing has occurred, and denies the remaining allegations in Paragraph 12.

## CLASS ACTION ALLEGATIONS

### The Class

13.    GRC admits that Plaintiff purports to bring this lawsuit as a class action,

denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 13.

14. GRC admits that Plaintiff purports to bring this lawsuit as a class action, denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 14.

15. GRC admits that Plaintiff purports to exclude certain persons or entities from the proposed class definition, denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 15.

**Numerosity**

16. GRC admits that Plaintiff purports to bring this lawsuit as a class action, denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 16.

17. The allegations contained in Paragraph 17 call for a legal conclusion for which no response is required. To the extent a response is required, Defendant denies that the allegations in Paragraph 17 are a complete and accurate statement of the applicable law.

18. GRC lacks knowledge or information sufficient to form a belief as to the truth of what is "unknown" to Plaintiff or what Plaintiff means by the phrase "ministerial determination". Answering further, Defendant admits that Plaintiff

purports to bring this lawsuit as a class action, denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 18.

## Common Questions of Law and Fact

19. GRC admits that Plaintiff purports to bring this lawsuit as a class action, denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 19.

## Typicality

20. GRC admits that Plaintiff purports to bring this lawsuit as a class action, denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 20.

## Protecting the Interests of the Class Members

21. GRC admits that Plaintiff has retained counsel, and that Plaintiff purports to bring this lawsuit as a class action. GRC denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 21.

22. GRC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22. Answering further, GRC denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 22.

## Proceeding Via Class Action is Superior and Advisable

23.    GRC admits that Plaintiff purports to bring this lawsuit as a class action, denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 23.

24.    GRC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24. Answering further, GRC denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 24.

25.    GRC admits that Plaintiff purports to bring this lawsuit as a class action, denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 25.

26.    GRC admits that Plaintiff purports to bring this lawsuit as a class action, denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 26.

27.    GRC admits that Plaintiff purports to bring this lawsuit as a class action, denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 27.

28.    GRC admits that Plaintiff purports to bring this lawsuit as a class action, and lacks knowledge or information sufficient to form a belief as to future actions Plaintiff "may" take. GRC further denies that a class action is appropriate, denies

that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 28.

29.    GRC admits that Plaintiff purports to bring this lawsuit as a class action, denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 29.

30.    GRC admits that Plaintiff purports to bring this lawsuit as a class action, denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 30.

31.    GRC admits that Plaintiff purports to bring this lawsuit as a class action, denies that a class action is appropriate, denies that the proposed class is suitable for certification, and denies the remaining allegations in Paragraph 31.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq*

32.    GRC incorporates by reference and fully restates its responses to the preceding paragraphs of the Complaint.

33.    GRC denies the allegations in Paragraph 33.

## PRAYER FOR RELIEF

GRC denies that Plaintiff is entitled to any of the remedies sought in her prayer for relief.

## AFFIRMATIVE DEFENSES

GRC incorporates by reference and fully restates its responses to the preceding paragraphs of the Complaint. For its Affirmative Defenses, GRC further states as follows:

## FIRST AFFIRMATIVE DEFENSE

To the extent GRC is found to have violated the FDCPA, which it denies, any such violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to exercise reasonable diligence to mitigate her harm/damages (if any were in fact suffered, which is denied), and therefore any damages awarded to her should be reduced accordingly.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has not suffered any injury in fact that is fairly traceable to the challenged conduct of Defendant and that is likely to be redressed by a favorable judicial decision, and therefore lacks standing under Article III of the United States Constitution to bring the instant claim.

## FOURTH AFFIRMATIVE DEFENSE

Each putative class member has not suffered an injury in fact that is fairly traceable to the challenged conduct of Defendant and that is likely to be redressed

by a favorable judicial decision, and therefore lacks standing under Article III of the United States Constitution making the treatment of this matter as a class action improper, and/or individual issues as to this Article III standing determination will predominate making treatment of this matter as a class action improper.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which GRC denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of GRC.

## SEVENTH AFFIRMATIVE DEFENSE

GRC reserves the right to assert any additional affirmative defense that may be discovered or disclosed during the course of additional investigation and discovery.

**WHEREFORE**, Defendant General Revenue Corporation demands judgment in its favor and against Plaintiff Ashley Bostic on all claims asserted in the Complaint, together with costs of suit, attorneys' fees, and any further relief that Court deems to be just and proper.

Respectfully submitted on April 13, 2021.

> *s/ Charles W. Prueter*
> Charles W. Prueter
> WALLER LANSDEN DORTCH & DAVIS, LLP
> 1901 Sixth Avenue N, Suite 1400
> Birmingham, Alabama 35203
> charles.prueter@wallerlaw.com
> 205.214.6380 (phone) | 205.214.8787
> (fax)
>
> -and-
>
> */s/ Jacob D. Rhode*
> Jacob D. Rhode (pro hac vice)
> Kyle R. Miller (pro hac vice)
> KEATING MUETHING AND KLEKAMP, PLL
> One East Fourth Street, Suite 1400
> Cincinnati, Ohio 45202
> Tel. (513)579-6400
> Fax. (513)579-6457
> jrhode@kmklaw.com
> kmiller@kmklaw.com
>
> *Counsel for Defendant General Revenue*
> *Corporation*

## CERTIFICATE OF SERVICE

I certify that on April 13, 2021, I electronically filed the foregoing document

with the U.S. District Court for the Northern District of Alabama using the CM/ECF

System, which will send a notice of electronic filing to all counsel of record.

> */s/ Jacob D. Rhode*

10712664

11