FILED

2021 Jun-29  AM 09:55
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

**ASHLEY BOSTIC,**                          )
                                            )
                Plaintiff,                  )
                                            )
    **vs.**                                 )          Civil Action Number
                                            )          **5:21-cv-393-AKK**
**GENERAL REVENUE**                         )
**CORPORATION,**                            )
                                            )
                Defendant.

## JOINT RULE 26(f) REPORT

### Preliminary Statement Regarding Subject Matter Jurisdiction

Plaintiff has indicated, through counsel, that the claims in the Complaint do

not establish any injury in fact, and therefore there is no Article III standing and no

subject matter jurisdiction.   Because of this, Plaintiff indicated she would be filing

a motion for remand, but now intends to file an amended Complaint with new

claims that she believes will meet the Article III standing requirements and provide

this Court with subject matter jurisdiction pursuant to *Hunstein v. Preferred*

*Collection & Mgmt. Servs.,* 994 F. 3d 1341 (11th Cir. 2021).   At this time,

Defendant does not consent to Plaintiff's filing an amended Complaint. Defendant

will review and respond to Plaintiff's motion for leave under Fed. R. Civ. P.

15(a)(2). Plaintiff shall file such motion by July 9, 2021.   Despite the foregoing

subject matter jurisdiction issue and forthcoming motion for leave to amend, the

Parties have agreed upon a case schedule and submit the following joint scheduling

report in order to comply with the Court's June 10, 2021 Order (Doc. 13.)

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

Pursuant to Fed. R. Civ. P. 26(f) and this Court's June 10, 2021 Order, (Doc.

13) a Rule 26 meeting was held on June 25, 2021 and was attended by Curtis

Hussey and Daniel Zemel (pro hac vice application forthcoming) for Plaintiff

Ashley Bostic ("Plaintiff"); and Jacob Rhode for Defendant General Revenue

Corporation ("GRC").

1.      This case is: ___**Jury**_____.

2.      **Case Synopsis:** This is a putative class action alleging violations of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").   The

Complaint alleges GRC sent a letter to Plaintiff that contained false and deceptive

information in violation of the FDCPA.   Specifically, Plaintiff claims the letter

was false and misleading because it contained a reference to late charges that the

Plaintiff's underlying contract with Mount Union University allegedly did not

allow to be charged, and also because it failed to disclose that the collection costs

identified in the letter were allegedly "only an estimate."   GRC denies these

allegations, denies that it committed any violation of the FDCPA, and denies that

class certification is proper.

3.     **EXTENSIONS FOR THE DEADLINES SET FOR DISCOVERY CUTOFF AND DISPOSITIVE MOTIONS WILL NOT BE EXTENDED ABSENT GOOD CAUSE SHOWN**.

4.     **Discovery:**   All discovery is to be commenced in time to be completed by **April 29, 2022**.

5.     **Initial Disclosures**:   The parties will exchange the information required by Fed. R. Civ. P. 26 by **July 23, 2021**.

6.     **Electronically Stored Information**:   To the extent it exists, relevant, non-privileged electronic information will be produced by the parties in either PDF or hardcopy format, to enable the parties to exchange discoverable information without undue burden or costs.   A requesting party may obtain relevant, non-privileged, electronic information in a format other than PDF or hardcopy only upon agreement by the parties or a showing of substantial need to the court for such information in that format.   The parties agree to the entry of an order regarding claims of privilege or of protection with respect to the inadvertent production of any privileged material that will allow the producing party to claw back such inadvertently produced document and will further require that such party produce a privilege log as to any such document.

7.     **Limitations on Interrogatories:**   Maximum of **25** interrogatories (including discrete subparts) by each party to any other party.   Responses due 30

days after service.

8.          **Limitations on Requests for Production:**   Maximum of **25** requests

for production (including discrete subparts) to any other party.   Responses due 30

days after service.

9.          **Limitations on Requests for Admission:**   Maximum of **25** requests

for admission by each party to any other party.   Responses due 30 days after

service.

10.          **Limitations on Depositions:**   Maximum of **10** depositions by

plaintiff and **10** by defendant.   Each deposition is limited to a maximum of **7** hours

unless extended by agreement of the parties or order of the court.

11.          **Reports from retained experts under Fed. R. Civ. P. 26(a)(2)**:

Due from plaintiff by **February 28, 2022**, and from defendant by **March 31, 2022.**

12.          **Supplementation of disclosures and discovery under Fed. R. Civ.**

**P. 26(e) are due** as soon as reasonably possible after new information is

discovered, but no later than **45 days after discovery of the new information**.

13.          **Parties and Pleadings:**   Plaintiff is allowed until **July 30, 2021** to

join additional parties and to amend the pleadings.   Defendant is allowed until

**August 31, 2021** to join additional parties and amend the pleadings.[1]

---

[1]Any Amended Complaint must comply with Fed. R. Civ. P. 8(a), 10(b) and 11(b).

Unless the party's pleading may be amended as a matter of course pursuant to Fed. R. Civ. P. 15(a), the party must file a Motion for Leave to Amend.   Such Motion for Leave to Amend shall state, specifically, those matters the party wishes to add or delete and shall contain, attached as an exhibit, the complete and executed Amended Complaint or Amended Answer, which is suitable for filing. The Motion for Leave to Amend, with the attached amended pleading, shall be served in accordance with Fed. R. Civ. P. 5.

14.        **Motion for Class Certification**: Plaintiff's opening motion for class certification should be filed by **November 15, 2021**.   Defendant's opposition should be filed by **December 15, 2022**.   Plaintiff's reply shall be filed by **January 5, 2022**.

15.        **Dispositive Motions:**   All potentially dispositive motions should be filed by **May 27, 2022**.

16.        **Final lists of witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) and lists of deposition designations for trial testimony** must be served and filed **28** days before trial.[2]   The parties shall have **14** days after service of final lists of witnesses and exhibits to file objections under Fed. R. Civ. P. 26(a)(3).

---

[2]Unless specifically agreed by the parties or allowed by the court for good cause shown, the parties shall be precluded from offering substantive evidence through any witness not so listed. The listing of a witness does not commit the listing party to have such witness available at trial or to call such witness to testify, but does preclude the listing party from objecting to the presentation of such witness' testimony by another party.

17.         **Motions in Limine:** All motions in limine should be filed by **August**

**29, 2022 (15 days prior to trial**).

18.         **Additional Conferences:**   **Final Pretrial Conference requested**

**July 29, 2021 (45 days prior to trial date)**.

19.         **Mediation:**   Unless a party objects, on **March 30, 2022 (30 days**

**before close of discovery)** the court will issue an order referring this case to

mediation.[3]  A party may object to the referral to mediation and in that event the

court will not issue the mediation order by corresponding with the court's chambers

on or before **April 8, 2022 (21 days prior to the close of discovery).**   An order

sending the parties to mediation does not operate as a stay of the proceedings.[4]   If

the case is sent to mediation, the court will not delay any deadlines set in this

Order; specifically, the deadlines set for discovery cutoff and for filing dispositive

motions will not be extended.

20.         This case will be trial-ready by **September 12, 2022**.

            **Estimated trial time: 3-5 days**.

21.         **Marking of Exhibits:**   Each party that anticipates offering as

---

[3]The parties agree this does not set a date certain for mediation.   Rather, the parties agree to complete mediation by the date provided within the order referring this case to mediation.

[4]Although the Northern District of Alabama's ADR Plan provides for a stay of proceedings during mediation (ADR Plan IV.B.4.), the parties agree this court does not stay the proceedings for mediation.

substantive evidence as many as <u>six</u> (6) exhibits shall pre-mark such exhibits in advance of trial, using exhibit labels and exhibit lists available from the Clerk of the Court.   By the time the case is scheduled for trial, a copy of the exhibit list shall be served and filed, with the exhibits being made available for inspection by opposing counsel; the presentation of evidence at trial **shall not** ordinarily be interrupted for opposing counsel to examine a document that has been so identified and made available for inspection.

Respectfully submitted on June 29, 2021.

/s/ Charles W. Prueter
Charles W. Prueter
WALLER LANSDEN DORTCH & DAVIS, LLP
1901 Sixth Avenue N, Suite 1400
Birmingham, Alabama 35203
charles.prueter@wallerlaw.com
205.214.6380 (phone) | 205.214.8787
(fax)

-and-

/s/ Jacob D. Rhode
Jacob D. Rhode (pro hac vice)
Kyle R. Miller (pro hac vice)
KEATING MUETHING AND KLEKAMP, PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel. (513)579-6400
Fax. (513)579-6457
jrhode@kmklaw.com
kmiller@kmklaw.com

*Counsel for Defendant General Revenue Corporation*

-and-


/s/ Curtis R. Hussey
Curtis R. Hussey
GULF COAST ADR, LLC
82 Plantation Pointe Road #288
Fairhope, AL 36532
Tel: (251) 928-1423
gulfcoastadr@gmail.com

*Counsel for Plaintiff Ashley Bostic*


## CERTIFICATE OF SERVICE

I certify that on June 29, 2021 I electronically filed the foregoing document

with the U.S. District Court for the Northern District of Alabama using the

CM/ECF System, which will send a notice of electronic filing to all counsel of

record.


/s/ *Jacob D. Rhode*